FILED
U.S. DISTRICT COURT
S.... ...H DIV.

2009 MAR 20 PM 1:37

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

UNITED STATES OF AMERICA   )
                                 )
v.                                )
                                 )    CASE NO. CR507-015
GREG DOUGLAS,        )
                                 )
     Defendant.        )
                                 )

## O R D E R

Before the Court is Defendant Greg Douglas's Motion to Dismiss Pursuant to Speedy Trial Act. (Doc. 335.) In its Response, the Government contends that neither Defendant's Sixth Amendment right to a speedy trial, nor the technical requirements of 18 U.S.C. § 3161 were violated. (Doc. 354 at 2.) For the following reasons, Defendant's Motion is **DENIED**.

### BACKGROUND

Defendant Douglas was indicted, along with ten co-Defendants, for conspiracy to possess with intent to distribute, and to distribute, cocaine hydrochloride, methamphetamines, and marijuana. (Doc. 33.) On January 24, 2008, Defendant appeared before the Magistrate Judge for arraignment, where he entered a plea of not guilty. (Doc. 72.) The last Defendant that was arraigned in this case was Defendant Felipe Hernandez on March 13, 2008. (Doc. 200.)

Defendant Elias Mejia could not be located by United States Marshalls and remains a fugitive.

Numerous evidentiary motions were filed in this case by Defendant Douglas and his co-Defendants. On June 19, 2008, the Court resolved all Motions that were pending in this case. Defendant Ramiro Padilla and Defendant Billy Eugene Sanford, who pled guilty, are currently awaiting sentencing following their entry of guilty pleas on March 2, 2009.

On February 27, 2009, Defendant Douglas filed the Motion to Dismiss presently before the Court. In the Motion, Defendant Douglas argues that after June 19, 2008, when the Magistrate Judge resolved all pending motions, there has been no excludable time. Therefore, Defendant Douglas reasons that his cased must be dismissed because more than seventy non-excludable days have elapsed and the Government has failed to bring him to trial.

## ANALYSIS

The Speedy Trial Act requires that a defendant be brought to trial within seventy days of either the filing of his indictment or his first appearance before a judicial officer, whichever is later. United States v. Williams, 197 F.3d 1091, 1093 (11th Cir. 1999) (citing United States v. Davenport, 935 F.2d 1223, 1227 (11th Cir. 1991)). The Act lists several periods of time that may be excluded from the seventy-day requirement. See 18 U.S.C. § 3161(h). The

period of time "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is properly excludable. Id. § 3161(h)(1)(F). In addition, a period of time that is excludable as to one defendant is excludable as to all co-defendants. Id. § 3161(h)(7) (excluding "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted").

The Eleventh Circuit Court of Appeals recently held that delay due to a court's consideration of a defendant's plea agreement is properly excludable as to his co-defendants. United States v. Childers, 290 Fed. App'x 253, 254-55 (11th Cir. 2008) (unpublished). Specifically, the period of delay between a defendant's plea hearing and his sentencing is excludable as to all co-defendants. Id. The Eleventh Circuit has also held that delay due to the Government's attempt to apprehend a fugitive defendant is excludable as to all his co-defendants. See United States v. Hayes, 40 F.3d 362, 365-66 (11th Cir. 1994); see also United States v. Murray, 154 Fed. App'x 740, 745 n.8 (11th Cir. 2005) (unpublished) (per curiam).

In the instant case, no non-excludable days have run as to Defendant Douglas because Defendant Mejia is still a fugitive. However, even if the excludable time due to

Defendant Mejia is not taken into account, the Speedy Trial Act has not been violated. The start of Defendant Douglas's seventy-day period would begin on the day he was arraigned—January 24, 2008. On March 13, 2008, the last non-fugitive Defendant in this case was arraigned. However, on that date, there were several pending Motions tolling the speedy-trial clock. On June 19, 2008, all pending Motions were resolved. However, non-excludable days did not begin to accrue because the Court was considering plea agreements by several Defendants. On March 2, 2009, the last of these Defendants pled guilty and are now awaiting sentencing. As discussed above, this continues to prevent non-excludable days from elapsing. Therefore, even excluding Defendant Mejia, no excludable days have run with respect to Defendant Douglas. As a result, Defendant Douglas is not entitled to relief under the Speedy Trial Act.

## CONCLUSION

For the foregoing reasons, Defendant Douglas's Motion to Dismiss is **DENIED**.

SO ORDERED this 20th day of March, 2009.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA